IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   No. 1:18-cr-10030-JDB-7
                                                                     **FILED UNDER SEAL**

DERRICK HOWARD,

    Defendant.

---

NOTICE REGARDING 28 U.S.C. § 2241 RELIEF
AND
ORDER DIRECTING CLERK TO MAIL § 2241 FORM,
CONSTRUING PORTION OF FILING AS REQUEST FOR RELIEF UNDER 28 U.S.C. §
2255,
DIRECTING CLERK TO DOCKET § 2255 PETITION IN NEW CIVIL CASE,
AND
TERMINATING MOTION IN CRIMINAL CASE

---

Pursuant to a judgment entered October 6, 2020, the Defendant, Derrick A. Howard, was sentenced to two 130-month terms of imprisonment, to run concurrently with one another, upon a guilty plea to conspiracy to possess methamphetamine and cocaine with intent to distribute in violation of 21 U.S.C. § 846. (Docket Entry ("D.E.") 518.) Appearing on the Court's docket is the motion of the Defendant, who is currently in Bureau of Prisons ("BOP") custody at Federal Correctional Institution Memphis, Tennessee, seeking an order directing that his federal sentence run concurrent to a state sentence or that he be granted credit for time served in state custody. (D.E. 700.) He also states therein that, at the time he entered into his guilty plea, he was "under the impression that [his] pretrial/state custody where [he] served another additional amount of 24

months would count toward [his] federal sentence" and that his understanding in that regard influenced his decision to accept the plea. (*Id.* at PageID 2448.)

Federal courts may issue writs of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where an inmate challenges the execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, [28 U.S.C. §] 2255 does not apply."); *see Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (§ 2241 addresses the execution of a federal sentence). As Howard's request to have his federal sentence run concurrent with a state sentence or to receive pretrial sentence credit constitutes a challenge to the execution of his federal sentence, the proper vehicle for seeking relief is a § 2241 petition.

Section 2241(a) provides that district courts may only grant writs of habeas corpus "within their respective jurisdictions." *See Wooten v. United States*, No. 23-1072, 2023 WL 5519152, at *2 (6th Cir. Aug. 23, 2023) ("When a habeas corpus petitioner challenges his present physical confinement, jurisdiction lies in only one district: the district of confinement."). The law is clear that the appropriate venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts

2

within whose territorial jurisdiction the custodian is located."). Based upon the location of Defendant's confinement as reflected on the BOP inmate locator website, the proper venue for filing a § 2241 petition would be the United States District Court for the Western District of Tennessee, Western Division. *See* 28 U.S.C. § 123(c). After exhaustion of his administrative remedies, the inmate may petition that court for § 2241 relief. To that end, the Clerk is DIRECTED to mail Defendant a form Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (AO 242). Mail is to be sent to:

> Derrick Howard
> Register No. 31259-076
> FCI Memphis
> Federal Correctional Institution
> P.O. Box 34550
> Memphis, Tennessee  38184.

The Court now turns to Howard's statement in the motion concerning a misunderstanding he may have had with respect to his guilty plea. This statement appears to invoke 28 U.S.C. § 2255. It is, therefore, construed by the Court as a petition to vacate, set aside, or correct his sentence under the statute. The Clerk is DIRECTED to docket the filing as a new civil § 2255 case.

Finally, the Clerk is DIRECTED to terminate D.E. 700.

IT IS SO ORDERED this 24th day of June 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3